■ MARLENE SCHER, Respondent, v PARAMOUNT PICTURES CORP. et al., Appellants. [958 NYS2d 122]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered October 24, 2011, which, in this personal injury action, to the extent appealed from as limited by the briefs, granted plaintiff's motion to strike defendants' answers, unanimously reversed, on the law and the facts, without costs, the motion denied, and the matter remanded for consideration of a less drastic sanction, after affording the parties an opportunity to be heard on the issue. Appeal from order, same court and Justice, entered March 2, 2012, which, upon reargument, adhered to the original determination, unanimously dismissed, without costs, as academic.

It is undisputed that defendants failed to timely comply with court orders directing them to provide an affidavit concerning the search for documents requested by plaintiff in discovery. However, plaintiff did not make a clear showing that defendants' failure to comply with the discovery orders was willful, contumacious or in bad faith (*see Ayala v Lincoln Med. & Mental Health Ctr.*, 92 AD3d 542, 542 [1st Dept 2012]). Indeed, the record indicates that defendants searched for the requested documents long before the court ordered production of an affidavit, that they offered to produce their entire file on the matter, and that no prejudice was demonstrated. Given the foregoing and the strong preference that matters be decided on the merits (*id.*), the court improvidently exercised its discretion in striking defendants' answers. A less drastic sanction, however, is warranted for defendants' tardiness. Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.